■ TOWN AND COUNTRY ENTERPRISES, INC., Respondent, v. KIBEL BUILDING Co., INC., Appellant, et al., Defendant.— In an action to recover damages for breach of contract, defendant Kibel Building Co., Inc., appeals from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated June 18, 1969, which reversed an order of the District Court of Suffolk County, Second District, dated January 13, 1969, granting said defendant's motion to dismiss the complaint for lack of jurisdiction. Order of the Appellate Term reversed, on the law and the facts, and order of the District Court affirmed, with $10 costs and disbursements to defendant Kibel Building Co., Inc. on each of the two appeals. Defendant Kibel Building Co., Inc., maintains its principal office at Riverdale, Bronx County, New York. It maintains no office in Suffolk County. It entered into a contract which it signed at its Riverdale office, with plaintiff, a corporation with an office in Suffolk County, to construct a swimming pool on property at Westhampton Beach. Plaintiff instituted this action in the District Court of Suffolk County by service of the summons and complaint on said defendant in Bronx County. Kibel's motion to dismiss the complaint for want of jurisdiction over the person was granted by the District Court. The Appellate Term reversed and denied the motion. The Appellate Term concluded that the subcontracting of substantial work by a nonresident corporate contractor to a resident contractor to be performed by the latter on real property situated in Suffolk County constituted the transaction of business within the county by the contractor within the meaning of section 404 (subd. [a], par. 1) of the Uniform District Court Act and, further, that it also constituted a use of the land by the general contractor within the meaning of paragraph 3 of the same subdivision of that section. We would agree with the Appellate Term if the work so subcontracted was to be performed on real property within the territorial limits of the Suffolk County District Court. However, that work was to be performed at Westhampton Beach, which we may judicially notice is within the Town of Southampton in Suffolk County. The territorial jurisdiction of the Suffolk County District Court encompasses only the Towns of Babylon, Huntington, Islip, Smithtown and Brookhaven. There is no district of the Suffolk County District Court in the Town of Southampton. Section 404 of the Uniform District Court Act is a counterpart of the Long Arm Statute found in CPLR 302. In pertinent part it provides: " (a) * * * The court may exercise personal jurisdiction over any non-resident of the county. * * * as to a cause of action arising from any of the acts enumerated in this section * * * if * * * he: 1. transacts any business within a district of the court in the county; or * * * 3. owns, uses or possesses any real property situated within a district of the court in the county." Because the instant nonresident defendant transacted no business " within a district of the court in the county", the order of the District Court dismissing the complaint was proper. Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.